IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00268-BNB

BILL LASH,

    Plaintiff,

v.

JAMES CASIAS, Las Animas County Sheriff Department,
REYNALDO F. SANTISTEVAN, Las Animas County Sheriff Department,
DEREK NAVARETTE, Las Animas County Sheriff Department,
ERCOLE D'ERCOLE III, Las Animas County Sheriff Department, and
MANUAL NAVARETTE, Las Animas County Sheriff Department,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

    Plaintiff, Bill Lash, filed *pro se* a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 and a complaint pursuant to 42 U.S.C. § 1983 for money damages.  On March 1, 2012, the Court ordered Mr. Lash to cure a deficiency in this case within thirty days by filing his complaint on the Court-approved complaint form.  On March 30, 2012, Mr. Lash filed an amended § 1983 complaint, not on the Court-approved form, in which he complains that he was falsely arrested and imprisoned and subjected to unreasonable and excessive force.  However, the action was not dismissed for Mr. Lash's failure to comply with the March 1 order.  Instead, Mr. Lash was granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe Mr. Lash's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Lash will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of Court-approved forms and rejected constitutional challenges to such rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file

habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).

Mr. Lash will be given one final opportunity to file a second amended complaint on the Court-approved complaint form in compliance with the March 1 order and D.C.COLO.LCivR 8.1A., which requires that "[a] pro se party shall use the forms established by this court to file an action."  If Mr. Lash fails to submit a second and final amended complaint that complies with the directives of this order and the March 1 order, the Court will deny the amended complaint and dismiss this action.

In addition, the Court has reviewed the amended complaint and finds that it is deficient because the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is

entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Lash fails to provide a short and plain statement of his claims showing that he is entitled to relief or to make specific factual allegations in support of his claims. The closest Mr. Lash comes to making specific factual allegations is his reference on page 4 of the amended complaint to the fact that the incident in question "occurred on September 3, 2009 at or about 9:30 am, on U.S. HWY 350, in unincorporated Las Animas County." *See* ECF No. 5 at 4. He also alleges that he was falsely arrested and imprisoned for three days and that the charges against him were dismissed with prejudice by court order on February 5, 2010. However, he fails to explain the incident in question and fails to provide any supporting factual allegations to help the Court understand the basis for his claims.

For these reasons, Mr. Lash will be ordered to file a second and final amended complaint on the Court-approved complaint form that provides a short and plain statement of each claim he is asserting if he wishes to pursue his claims in this action. In order to state a claim in federal court, Mr. Lash "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot

4

take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Lash must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant, such as James Casias, sheriff of Las Animas County, may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under . . . § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind

required to establish the alleged constitutional deprivation." *Id.* at 1199.

Accordingly, it is

ORDERED that Plaintiff, Bill Lash, file, **within thirty (30) days from the date of this order**, a second and final amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that Mr. Lash shall obtain and use the Court-approved complaint form, along with the applicable instructions, located at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Lash fails to file a second and final amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED April 11, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge