IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00268-BNB

BILL LASH,

    Plaintiff,

v.

JAMES CASIAS, Las Animas County Sheriff Department,
REYNALDO F. SANTISTEVAN, Las Animas County Sheriff Department,
DEREK NAVARETTE, Las Animas County Sheriff Department,
ERCOLE D'ERCOLE III, Las Animas County Sheriff Department, and
MANUAL NAVARETTE, Las Animas County Sheriff Department,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Bill Lash, initiated this action by filing *pro se* a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 and a complaint pursuant to 42 U.S.C. § 1983 for money damages.  On March 1, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Lash to cure a deficiency in this case within thirty days by filing his complaint on the Court-approved complaint form.  On March 30, 2012, Mr. Lash filed an amended § 1983 complaint not on the Court-approved form in which he complained he was falsely arrested, imprisoned, and subjected to unreasonable and excessive force.  However, the action was not dismissed for Mr. Lash's failure to comply with the March 1 order.  Instead, Mr. Lash was granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On April 11, 2012, Magistrate Judge Boland ordered Mr. Lash to file a second and final amended complaint within thirty days on the Court-approved complaint form in

compliance with the March 1 order and D.C.COLO.LCivR 8.1A., which requires that "[a] pro se party shall use the forms established by this court to file an action"; and in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland warned Mr. Lash that if he failed to submit a second and final amended complaint that complied with the directives of the April 11 and March 1 orders, the Court would deny the amended complaint and dismiss the action.

On June 13, 2012, Mr. Lash filed his second and final amended complaint. It is not on the Court-approved complaint form but generally follows the Prisoner Complaint format. Mr. Lash again complains that he was falsely arrested, imprisoned, and subjected to unreasonable and excessive force. The Court must construe Mr. Lash's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the second and final amended complaint will be dismissed.

The Court has reviewed the second and final amended complaint and finds that it is deficient for the same reasons the amended complaint was deficient, i.e., neither complaint complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In the April 11 order for a second and final amended complaint, Magistrate Judge Boland explained to Mr. Lash that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven,

show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

In the April 11 order, Magistrate Judge Boland also advised Mr. Lash that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Magistrate Judge Boland pointed out in the April 11 order that personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545

F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Lash must show that each Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A Defendant, such as James Casias, sheriff of Las Animas County, may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under . . . § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.

In his second and final amended complaint, Mr. Lash fails to comply with the Rule 8 pleading requirements.  Mr. Lash again fails to explain the incident in question, and again fails to provide any supporting factual allegations concerning the bases of his claims.  As a result, he still fails to provide a short and plain statement of his claims

showing that he is entitled to relief or make specific factual allegations in support of his claims.  Instead, he persists in making the same vague and conclusory allegations that Defendants violated his constitutional rights.  Neither the Court nor Defendants are required to speculate as to the specific acts upon which Mr. Lash bases his claims that his rights were violated.  The closest Mr. Lash comes to making specific factual allegations is his reference on page 4 of the second and final amended complaint to the fact that the incident in question "occurred on September 3, 2009 at or about 9:30 am, on U.S. HWY 350, in unincorporated Las Animas County."  *See* ECF No. 10 at 4.  He also alleges that he was falsely arrested and imprisoned in the Las Animas County Jail for over three days, and that the charges against him were dismissed with prejudice by court order on February 5, 2010.  These same vague allegations, also made in the amended complaint, prompted Magistrate Judge Boland to order Mr. Lash to file a second and final amended complaint with specific factual allegations.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the second and final amended complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the April 11 order, and must be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Lash files a notice of appeal he also must pay the full $455.00 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the second and final amended complaint and the action are dismissed without prejudice for the failure of Plaintiff, Bill Lash, to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with the order of April 11, 2012, directing him to file a second amended complaint. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  12th  day of       July        , 2012.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court